Hemphill, Ch. J.
The grounds of the demurrer to the petition are certainly plausible if not entirely sound. The pleader seems to have attempted condensation in his statement of the cause of action, and this is much to be commended ; but he has omitted an important averment and inserted others not so material. In an action on an account for goods and wares sold and delivered, the sale and delivery are the material facts on which depends the liability of the defendant, and they should he distinctly averred. The legal inferences or conclusions from these facts of the defendant’s liability and promise to pay are not essential averments; hud if made, may be regarded as surplusage, not vitiating the pleading.
But, waving the consideration of the objections to the sufficiency of the petition, I proceed to examine the charge that the statute of limitations did nod operate as a bar to the action of the plaintiffs. By the “act of limitations” (Acts of 1841, p. 163) it is in the first section declared that “all actions upon open accounts other than, such accounts as concern the trade of merchandise between merchant and merchant, their factors and servants, shall he commenced and sued within two years next after the cause of such action, and not after.” Actions founded upon accounts for goods, wares, and merchandise sold and delivered are further regulated by the third, fourth, and fifth sections of the act. After reiterating the rule in the first section, that all suits must he brought upon them within two years next after the cause of action, and not after, an exception is provided for by the third section in case of the death of creditors or debtors, or removal of the debtor before the end of two years. In the former contingency the time for bringing suit is extended for one year; and in the latter the statute does not run, unless the debtor shall, ten days previous to his removal from the comity, put up a notice in writing at the seat of justice of the county of ins intention to remove. The fourth section requires the dates of the delivery of the several articles to he particularly specified; and if any of the charges be postdated, a penalty of tenfold their value may be recovered from the creditor; and the fifth section, to prevent evasion, prohibits a recovery on articles charged two years and upwards before the commencement of the suit or action.
We may remark in passing that one of the items in the account sued upon is for S215.70, as per bill rendered. This mode of charging- is in contravention of the foregoing section; and a recovery on a charge of this character would be inhibited by the spirit, if not the letter, of these provisions, were it even not hable to objections on general principles.
The only provision in the above section which would prevent the running of the statute is the exception against a debtor in case of his removal from a county without public notice of his intention to that effect. It cannot for a moment be supposed that the legislative authority of Texas was attempting to regulate the removal of debtors or to declare its legal effect, except when the act took place within its own territory, or that a rule of conduct was prescribed for any but its own citizens, and that within the territorial limits of the State. This provision could, at all events, have no effect on the. *174 rights of the defendant, who had not removed from his place of residence up to the commencement of the suit.
Note 04. — May v. Pollard, 28 T., 677.
The charge of the judge and his opinion that the statute had not barred the action were obviously based on the 22d section of the statute of limitations, which is expressed in the following terms: “That if any person against whom there is or shall be cause of action is or shall be without the limits of this Republic at the time of the accruing of such action, or at any time during which,” &c. This section was fully considered in the case of Snoddy v. Cage, decided' at this term; and it was held by a majority of the court that the provision was applicable to citizens or residents of the Republic alone; that it embraced only such as by physical possibility could return to the county; that no one could return to a State or territory in which he had never been present and from which he had never departed; and that, therefore, emigrants removing or coming to the country for the first time were not within the letter of the statute, and consequently not within the scope of its operation. This construction was also supported by reference to the supplemental statute declaring that the act of limitations applied no less to foreign than to domestic claims, and by its consonance with the public policy of the country, as manifested by various legislative acts and provisions. The oppositive views were sustained in an elaborate opinion of the judge who dissented, and have been pressed upon our attention with much ability and zeal by the counsel of the appellees. But, with all respect for those who maintain a contrary opinion, we must acknowledge-that subsequent reflections have but strengthened our conviction of the correctness of the exposition given to the provision, and the construction placed upon it in the decision to which we have referred may be considered as the settled law of the court.
The fact that the suit is by attachment, and that the defendant is not now, nor has he ever been, a resident of the country, cannot affect his liability. If an ordinary action against the defendant, were he present, would be barred, the remedy by attachment cannot be enforced. The statute operates on the cause of action without regard to the residence of the defendant, when attempted to be enforced in our forums, and whatever may be the mode of proceeding adopted for its recovery.
Were there any probability that a written acknowledgment of the justice of the claim, at any time within four years before the commencement of the suit, could be established, the cause would be remanded for such further proceedings as might appertain to the law of the case. There has been no suggestion of the possible existence of such fact, or that it could be sustained by proof. Had such been the fact it would in all probability have been proved at the trial. Two witnesses were introduced, one to prove that he sold the articles charged up to 28th August, 1840; that at the time said account was made the defendant was a resident of Mississippi, and promised payment after his removal to the Choctaw Nation, and that he did remove in 1841. The second witness proved that some time in 1844 he presented the account for payment and asked1 the defendant for an order on Colonel Upshaw, or his note. Defendant declined doing either, but said he would draw his money from Colonel Upshaw himself, and that he would pay or settle it himself, &c. Had this acknowledgment been in writing it would have taken the case out of the operation of' the statute, and had there been any such acknowledgment it would, doubtless, under the circumstances, have been introduced in evidence. The statute had been pleaded and was insisted upon, and evidence was introduced to avoid its effect, and it cannot be supposed that evidence of a fact so important as a written acknowledgment would have been omitted had it existed.
We are of opinion that the judgment of the court below is erroneous, and that the action cannot be maintained; and it is therefore ordered that the-judgment be reversed and the cause dismissed.
Reversed and dismissed.