L. F. WILSON & CO. v. W. L. DAGGETT ET AL.

No. 307.

1. Limitations—Persons Without the State.

A person who has at all times been a nonresident of the State, but who was temporarily within the State before taking adverse possession of land by tenant, being absent when such possession was taken and ever since, *is not* a person "without the limits of this State," under article 3216, Revised Statutes. The article applies to residents absent, and applies as well to real estate as personal property ...............................376, 377

2. Cases Adhered to.

Lynch v. Ortleib, 87 Texas, 590, and Huff v. Crawford, ante, p. 368, adhered to in applying the construction of the statute of limitations, in Snoddy v. Cage, as to nonresidents, to real estate.................................. 376

3. Absent from State.

In case a nonresident person comes to this State for a temporary purpose only, after having taken adverse possession of land by his tenant, and remains in the State for a short time, such visit by the nonresident is not a "return to the State" within the meaning of article 3216, Revised Statutes ...... 376

QUESTIONS CERTIFIED from Court of Civil Appeals for Fifth District, in an appeal from Archer County.

*F. E. Dycus* and *R. F. Arnold,* for appellants.

*A. H. Carrigan,* for appellees.

GAINES, CHIEF JUSTICE.—The Court of Civil Appeals for the Second Supreme Judicial District have certified for our determination the following questions:

"L. F. Wilson & Co., a firm composed of L. F. Wilson, M. B. Wilson, and W. E. McCrory, having acquired a deed as firm property to

the land in controversy, sought to hold it under the five years' statute of limitation. When they took possession by tenant they were nonresidents of the State of Texas, as well as before and since that time. Before taking such possession each of them had been in the State for a short time temporarily on business, and since taking possession one of them, L. F. Wilson, has also been in the State from time to time looking after his business here; but the evidence tends to show that neither of them was here when possession was taken, and no one of them has ever been a resident citizen of Texas.

"In view of some expressions of the opinion in Huff v. Crawford, holding that article 3216 of the Revised Statutes is applicable to actions for recovery of real estate, as well as in the case of Lynch v. Ortleib, and prior cases, we desire to know what construction that article should receive in its application to the above state of case; that is to say:

"1. Is a person who has at all times been a nonresident of this State, but who was temporarily within the State before taking adverse possession of the land by tenant, though absent at that time and ever since, a person 'without the limits of this State,' within the meaning of that article?

"2. In case such nonresident person comes to this State for a temporary purpose only after taking such possession, and remains here for a short time, is that a 'return to the State,' within the meaning of that article?

"3. What effect, if any, would the holding of the land as partnership property have upon the question?"

In Huff v. Crawford, ante, p. 368, and in Lynch v. Ortleib, 87 Texas, 590, we held, that the decision in Snoddy v. Cage, 5 Texas, 106, to the effect, that in personal actions, the absence from the State of one who had never been a resident here did not suspend the running of the statute of limitations, had become the settled law of the State; and that the rule applied as well to suits for land as to personal actions. We were driven to that ruling, because the decision in that case had been repeatedly affirmed by this court, and because the statute had been re-enacted without material change in its language after it had been so construed. That the provision applied to real actions, was held, for the reason that we could find nothing, either in the original act or in the Revised Statutes, upon the subject to countenance the theory that suits for land were to be excepted from its operation.

As was said in Lynch v. Ortleib, referred to above, the construction placed upon the statute in question in Snoddy v. Cage, supra, is in conflict with that given to similar statutes in other States; and it would seem, that the eminent judges who concurred in the majority opinion in that case looked only to actions of debt, and did not apprehend the difficulties that arise when we come to apply it to suits for land. In Ayres v. Henderson, 9 Texas, 539, it was held, that the statute was suspended by the departure of one who, while residing in the State, had contracted a debt here, and had subsequently removed to

and fixed his permanent residence in another State. The court say: "But the object of the section was for the protection of domestic creditors. It was to their advantage that their debtors should remain within the limits of the State. And it was intended to protect them from the inconvenience and loss to which they would be exposed by the absence of their debtors, and the consequent immunity of the latter from process and judgment." The reason given is satisfactory, and the construction so far stands upon a safe foundation. But while the language of the provision admits of no distinction between actions for debt and actions for the recovery of land, to say broadly that the statute is suspended as to one who has once lived in the State, or has visited the State, and one who, after taking up his residence beyond its limits, takes possession of land through his agent or tenant, is to adopt a rule for which no sound reason can be given. Merely because it may be predicated of one who has crossed the line of the State, that he may "return" to the State, to hold that the provision applies to him, when it is not held to apply to one who has never been within its limits, is to draw a distinction too arbitrary for us to believe that the Legislature ever intended it. It may be, that the statute should not be suspended as to one who, being a resident of the State, takes possession of a tract of land, or one who, not being a resident, occupies in person the disputed premises, and then leaves the State, continuing his possession through an agent or tenant. Such a rule is not unreasonble, and is analogous to the case of one who, as in Ayres v. Henderson, supra, contracts a debt while residing here, and then takes up permanent abode in another State.

There are reasons why absence should not suspend the running of the statute in any suit for the recovery of land. To continue its operation, there must always be some one in possession; and such possessor may be sued at any time. The nonresident himself may be sued by publication, and his title determined. Arndt v. Griggs, 134 U. S., 316; Law. Co-op. Ed., book 33, p. 918. The loose method of conveying lands and land certificates which obtained here at an early day has rendered short periods of limitations necessary for the repose of titles; and the policy has been favored by our Legislatures and by our courts. Nevertheless, we have felt constrained to hold, as has been held in construing like statutes by the courts of other States, that the provision is applicable to real as well as personal actions.

1. Our conclusion as to the first question certified is, that it should be answered in the negative.

2. We understand that the purpose of the second question is to elicit an answer to the inquiry, whether the absence of L. F. Wilson, after coming to the State upon business subsequent to the accrual of the cause of action, suspended the running of the statute in his favor. We think it did not. We see no sound reason for drawing a distinction between the case of a nonresident who comes to the State before, or one who visits it upon temporary business after, the cause of action

has accrued. The original construction placed upon section 22 of the old statute of limitations, now article 3216 of the Revised Statutes, is based in part upon the literal meaning of the word "return," and in part upon the supposed policy of the Republic of Texas to induce immigration—a result of the use of the term which was probably not contemplated by the Congress which passed the act. We think, in the construction placed upon the section in the earlier decisions of the court, the word has already been given all the effect which can be justified by sound reason; and we are unwilling to push this etymological construction further. The effect of these decisions is to hold, that as to actions of debt, the provisions contained in article 3216 do not apply as to those who were nonresidents of the State, both when the debt was created and when the cause of action accrued; and we are of the opinion, that as applied to real actions, the article should not apply to those who were not residents of the State when possession was taken, unless perhaps they took possession in person.

3. So far as we can see from the statement accompanying the questions, the answer to the first two renders an answer to the third unnecessary.


Delivered June 20, 1895.