MARY PHILLIPS STONE ET VIR V. JOHN R. PHILLIPS.

No. 8136. Decided January 5, 1944.
Rehearing overruled February 2, 1944.
(176 S. W., 2d Series, 932.)

*Baker & Baker* and *R. E. Murphey,* all of Coleman, for petitioner.

It was error for the Court of Civil Appeals to hold that the residence and domicile of the wife does not become that of the husband upon the consumation of the marriage contract, and in the further holding that the wife may acquire and maintain a residence in the State of Texas while living, for fourteen years, with her husband in another state, and in holding that limitation had not run against the note. Harwell v. Morris, 143 S. W. (2d) 809; Richmond v. Sangster, 217 S. W. 723; Simonds v. Stanolind Oil & Gas Co., 134 Texas 332, 114 S. W. (2d) 226 and 136 S. W. (2d) 207.

*Shepherd & Patterson,* of Ballinger, and *E. M. Critz,* of Coleman, for respondents.

The statutory exception as to absent debtors is not confined to those who are temporarily absent from the state but extends to those who remove with intention never to return. Tate v. Waggoner, 149 S. W. 737; Dignowity v. Sullivan, 49 Texas Civil Appeals, 582, 109 S. W. 428; Bemis v. Ward, 37 Texas Civil Appeals 481, 84 S. W. 291.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This suit was brought to recover on a debt evidenced by a promissory note and to foreclose a lien on land. The defendants pleaded the four years statute of limitation, to which the plaintiff replied that the defendants had been absent from the State since the cause of action accrued, and that under the provisions of Revised Statutes, Article 5537, the statute of limitation had been suspended. At the conclusion of the evidence the trial court withdrew the case from the jury and instructed a verdict for plaintiff. This judgment was affirmed by the Court of Civil Appeals, Justice Stokes dissenting. 171 S. W. (2d) 156.

The note sued on was executed by Mary Phillips, now Mary Phillips Stone, one of the defendants, on October 4, 1926, and was due in monthly installments, the first installment being due November 4, 1926, and the last one on November 4, 1928. The suit was filed September 8, 1941.

Revised Statutes, Article 5537, reads as follows:

"Art. 5537. If any person against whom there shall be cause of action shall be without the limits of this State at the time of the accruing of such action, or at any time during which the same might have been maintained, the person entitled to such action shall be at liberty to bring the same against such person after his return to the State and the time of such person's absence shall not be accounted or taken as a part of the time limited by any provision of this title."

The defendant Mary Phillips Stone was reared in Texas and resided for many years at Ballinger, where she served for a time as District Clerk. Later she moved to Brownwood, Texas. During all this time she was a single woman. On July 30, 1924, she left Texas for Washington, D. C., where she lived until 1933, and then moved to Maryland. Except for a brief visit in 1937, she did not return to Texas until 1941. She married Aaron Stone in the State of Virginia on April 21, 1928. The record does not show where he resided, except that at the time of the trial in 1942 he resided in Maryland. As shown in the opinion of the Court of Civil Appeals, Mrs. Stone testified most emphatically, against her interest, that during all of her absence she never abandoned her home in Texas; that she always considered herself a citizen of Texas and claimed Texas as her home; that she was only temporarily absent from Texas; that while she did not vote during her absence, she always claimed the right to vote in Texas; that she retained her citizenship here, and always claimed this as her legal residence.

■ It may be conceded, for the sake of this decision, that Aaron Stone's domicile was in some state other than Texas, and that upon Mrs. Stone's marriage to him on April 21, 1928, her residence and domicile became the same as that of her husband. Clements v. Lacy, 51 Texas 150; Henderson v. Ford, 46 Texas 627; 23 Tex. Jur. 19.

From the time of the execution of the note in 1926 to the time of her marriage in 1928, Mrs. Stone was a single woman and had the right to select her own domicile. 15 Tex. Jur. 712. The mere fact that she left Texas and had resided temporarily in Washington prior to her marriage would not destroy her domicile in Texas, nor forfeit her Texas citizenship, so long as there was an intention on her part to retain her domicile in this State. 15 Tex. Jur. 712, 713; 28 C. J. S. 30; 17 Am. Jur. 604; McIntire v. Chappell, 4 Texas 187; Pecos & N. T. Ry. Co. v. Thompson, 106 Texas 456, 167 S. W. 801. Her testimony leaves no doubt but that at all times prior to her marriage her domicile was in Texas. We will therefore assume that her domicile was in Texas at the time the note was executed; that she became a citizen and resident of some other State in April, 1928; and that she never returned to Texas until 1941, the year in which the suit was filed.

■ Under the plain provisions of the statute, since the defendant was absent at the time the right to sue accrued, and remained absent until only a short time prior to the filing of the suit, the action was not barred by the four years statute of limiation.

Defendants seem to be of the opinion that, since Mrs. Stone was a non-resident of the State at the time the note matured and the right to maintain the suit accrued, Article 5537 is inapplicable. In the case of Snoddy v. Cage, 5 Texas 106, this Court held that where the defendant had never been in this State, the statute was inapplicable to a suit against him. That construction was actuated by the then-prevailing policy to enocurage immigration to this State, and was based on the fact that the statute authorized the mainteaance of the suit "after the return" of such person to the State. It was there pointed out that a person who had never been in the State could not "return to" the State. The holding in that case was followed in Huff v. Crawford, 88 Texas 368, 30 S. W. 546, 31 S. W. 614, 53 A. M. St. Rep. 763, but in the companion case of Wilson & Co. v. Daggett, it was recognized that such holding was contrary to the construction given similar statutes in other States. The court in discussing its holding in Huff v. Crawford, supra, said:

"We were driven to that ruling, because the decision in that case (Snoddy v. Cage) had been repeatedly affirmed by this court, and because the statute had been re-enacted without material change in its language after it had been so construed. * * * We think, in the construction placed upon the section in the earlier decisions of the court, the word ('return') has already been given all the effect which can be justified by sound reason; and we are unwilling to push this etymological construction further. The effect of these decisions is to hold, that as to actions of debt, the provisions contained in article 3216 do not apply as to *those who were nonresidents of the State, both when the debt was created and when the cause of action accrued; * * *.*" (Italics ours.) Wilson & Co. v. Daggett, 88 Texas 375, 31 S. W. 618, 53 Am. St. Rep. 766.

It has never been held that the statute was inapplicable to a defendant who had his domicile in Texas or who was actually in the State at the time the obligation sued on was incurred or had its inception. See Graham v. Englemann, 263 Fed. 166; Brock v. Sirmans, 65 Fed. (2d) 930; and Love v. Doak & Tims, 5 Texas 343.

Since the decision of this Court in Snoddy v. Cage, supra, it has been said in some cases that if the defendant is absent from or a non-resident of the State at the time the cause of action accrues, the statute is not applicable. The phrase "at the time the cause of action accrues" has two meanings. It is sometimes applied to a present enforcible demand, but it more often simply means to arise or come into existence. 1 C. J. S. 759. Its indiscriminate use in defining those to whom the statute is inapplicable has caused some confusion in the decisions. If the defendant has never been in the State and is absent from the State at the time the obligation forming the basis of the suit arises or comes into existence, then the running of limitation is not suspended by the statute in question; but if he is actually in the state or is domiciled here at the time the obligation arises, the running of limitation is suspended during his subsequent absence, even though he is not actually in the State at the date when the cause of action becomes a present, enforcible demand in the sense that the obligation has matured for suit.

In case of Ayres v. Henderson, 9 Tex. 539, the defendant while a resident of the State executed a note in this State to a plaintiff who also resided in Texas. The defendant removed from the State before the note became due, and hence before the cause of action accrued in the sense that suit could be brought on the note. The Court there said:

"There is some plausibility in the assumption that the 22d section of the act was intended to apply only to persons who left the Republic with the intention of returning, and not to those who removed with no such intention, and who, in fact, never did return. But the object of the section was for the protection of domestic creditors. It was to their advantage that their debtors should remain within the limits of the State. And it was intended to protect them from the inconvenience and loss to which they would be exposed by the absence of their debtors and consequent immunity of the latter from process and judgment. The permanent removal of the debtor would only aggravate the evil and hazard to the creditor. But whether the removal be permanent or temporary, the return of the debtor is within the range of possibilities and in the contemplation of the law, and when that event does take place, the creditor can claim the advantage intended by the section in suspending the operation of the statute. * * *

"'* * * *The deceased removed from the State before the note became due,* and the statute did not commence to run during his lifetime." (Italics ours.)

The above case is directly in point. There the debtor was in the State when the obligation accrued—that is, when the note was executed—but he was absent when the debt matured and the right to bring the suit accrued, yet the court held that the running of the statute of limitation had been suspended during his absence. In the case at bar the defendant had her domicile in this State at the time the obligation sued on was entered into. She was absent when the final installment matured, and she remained absent until just before the suit was filed.

Even though Mrs. Stone was not actually in the State at the time the obligation was incurred, yet if at that time her domicile or legal residence was in Texas, the running of the statute of limitation was suspended. See addendum opinion in Huff v. Crawford, 88 Texas 368, 374; Love v. Doak & Tims, 5 Texas 343.

The judgments of the trial court and the Court of Civil Appeals are affirmed.

Associate Justice Critz not sitting.

Opinion delivered January 5, 1944.

Rehearing overruled February 2, 1944.