GIBSON et al. v. NADEL et al.

No. 11942.

Circuit Court of Appeals, Fifth Circuit.

Dec. 5, 1947.

Geo. A. Smoot, of Wichita Falls, Tex., for appellants.

A. C. Saunders, of Tulsa, Okl., and Guy Rogers, of Wichita Falls, Tex., for appellees.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

On April 27, 1946, appellants, citizens of Texas, filed this suit for unpaid overtime wages, penalties and attorneys' fees alleged to have accrued and become due to them during the period from February 1, 1940 to September 30, 1943, inclusive. They obtained service on defendants, citizens of Oklahoma, by serving their agent and general manager in Texas in charge of the oil field operations in respect of which plaintiffs were employees.

The appellees, by motion to strike, pleaded that on its face the suit was barred by the two year statute of limitations in Texas.

Appellants, replying "That the defendants, though within the state when the cause of action herein sued on arose, have thereafter absented themselves so that they have not resided or been within the state for as much as two years between the commencing of the cause of action and the filing of this suit," and by uncontradicted testimony proving the facts they alleged, invoked Art. 5537, Vernon's Civil Statutes.[1] Defendants filed no counter plea, offered no rebutting evidence.

[1] "Art. 5537, Temporary absence. If any person against whom there shall be cause of action shall be without the limits of this State at the time of the accruing of such action, or at any time during which the same might have been maintained, the person entitled to such action shall be at liberty to bring the same against such person after his return to the State and the time of such person's absence shall not be accounted or taken as a part of the time limited by any provision of this title. Act Feb. 5, 1841: G.L. vol. 2, p. 627."

The district judge, in an opinion[2] erroneously assuming that the defendants had by pleading and proof made the issue, held that since, in conformity with Art. 2033b, Texas Civil Statutes,[3] defendants had an agent in Texas upon whom service of process could be and was made, Art. 5537, invoked by plaintiffs, was without effect to toll the statutes, the causes of action sued on were barred, and defendants' motion to strike should be sustained.

Appellant, urging that the order and opinion are contrary to, indeed in the face of, all the applicable Texas authorities, are here insisting that the judgment must be reversed.

■ We agree with appellants. The invoked statute enacted in 1841 was early construed[4] as a statute enacted to protect domestic creditors "from the inconvenience and loss they would be exposed to by the absence of their debtors and consequent immunity of the latter from process and judgment." It has been and is consistently held that it should be given a construction to effect that dominant purpose and that it should be applied as written without addition to or substraction from it. This construction, that it is the absence of the debtor from the state that determines the effect of Art. 5537, has been maintained against efforts to limit application of the statute to suits and claims against persons who are citizens and residents of Texas, the courts holding that the statute was equally applicable to a defendant, though a non-resident, who was actually in the state at the time the obligation sued on was incurred or had its inception.[5] It has been equally maintained, as applicable[6] against claims of the kind asserted and allowed to prevail here that the fact that service could be obtained by attachment and by substituted process upon an agent or tenant rendered the statute inapplicable.

■ In Huff v. Crawford, appellants contended that as they had possessed the land in controversy the required length of time by tenant, their absence from the state was immaterial. The Supreme Court in effect approved appellees' reply, "But the statute in question makes no exception to an absentee from the state who has a tenant or an agent in the state and where the legislature has made no exception to the statutes of limitation, the court can make none". And in Wilson & Co. v. Daggett, 88 Tex. 375, 31 S.W. 618, 53 Am.St.Rep. 766, the holding was vigorously reaffirmed against an attack upon it.

[2] 68 F.Supp. 356.

[3] "Title 42, Practice in District and County Courts. Art. 2033b. Service of process on agent or clerk in office in county other than residence of principal.

"When an individual, partnership or unincorporated association (either being referred to herein as principal, whether one or more) has, for the transaction or doing of any business in Texas, an office, place of business, or agency in any county other than that in which the principal resides, service of citation or other civil process to bind any such principal, may be made on any agent or clerk employed in such office, place of business or agency, in all suits or actions growing out of or connected with such business and brought in the county in which such office, place of business or agency is located; and the provisions hereof shall apply as well to non-residents of the state as to non-residents of such county; and shall also apply to cases where a principal, though claiming or alleged to be a resident of the county wherein is located such office, place of business or agency, has not been found in such county for service on him of process in such suit, in which case, if the officer making return of the process unexecuted shall certify in such return that after diligent search and inquiry a principal cannot be found and served, then process in such suit to any succeeding term of court may be served on such clerk or agent as is herein provided for in case of non-residents of such county; but provided that nothing herein shall prevent or interfere with the application of the articles of the statute relating to venue of suits. (Acts 1935, 44th Leg. 2nd C.S. p. 1759, ch. 463, § 1.)"

[4] Love v. Doak, 5 Tex. 343; Snoddy v. Cage, 5 Tex. 106; Moore v. Hendrick, 8 Tex. 253.

[5] Graham v. Engelmann, D.C., 263 F. 166; Stone v. Phillips, 142 Tex. 216, 176 S.W.2d 932.

[6] Falwell v. Hening, 78 Tex. 278, 14 S.W. 613; Hart v. Winsett, 141 Tex. 312, 171 S.W.2d 853; Huff v. Crawford, 88 Tex. 368, 30 S.W. 546, 31 S.W. 614, 53 Am.St.Rep. 763; Wilson v. Daggett, 88 Tex. 375, 31 S.W. 618, 53 Am.St.Rep. 766; Robin v. Ely & Walker Dry Goods Co., Tex.Civ.App., 137 S.W.2d 164, writ of error denied.

Appellees cite no cases to the contrary from Texas; there are none. The cases it cites from other jurisdictions, construing the statutes of those states, are not even persuasive.

The motion to strike should have been denied. The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.