**Edward T. DICKER, Appellant,**

v.

**Robert R. BINKLEY, Jr., Appellee.**

**No. 19250.**

Court of Civil Appeals of Texas, Dallas.

July 18, 1977.

Rehearing Denied Aug. 25, 1977.

Richard H. Elliott, Dallas, for appellant.

John B. Atwood, III, Creel, Atwood & Spinuzzi, Dallas, for appellee.

ROBERTSON, Justice.

This is a suit in the nature of an equitable bill of review brought by appellee Robert R. Binkley, Jr., against appellant Edward T. Dicker to set aside a default judgment previously entered against Binkley. Upon trial before the court, the court found that the default judgment was void because of defective service of process and that Binkley had a good and meritorious defense. It set aside its prior judgment and ordered that Dicker take nothing. We reverse.

◾ The primary issue on this appeal is whether Binkley's proffered defense of the statute of limitations constituted a meritorious defense sufficient to justify vacation of the default judgment. Although Dicker also challenges the invalidation of the judgment because of defective service of process, our examination of the record leads us to conclude that even if the judgment was void, Binkley has failed to show the meritorious defense prerequisite to relief by bill of review. As his meritorious defense, Bink-ley asserted that the suit was barred by the four-year statute of limitations provided in article 5527 of the Texas Revised Civil Statutes Annotated (Vernon 1958). The note was executed in Dallas, Texas, on February 1, 1965, and made payable within one year. Although the note matured on February 1, 1966, suit was not filed until May 14, 1975, over nine years later. Under most circumstances, the suit would now be barred; however, Dicker asserts that the statute of limitations has been tolled under the provisions of article 5537 of the Texas Revised Civil Statutes Annotated (Vernon 1958). We agree. Since the obligation was incurred while Binkley was physically present in the state, the statute of limitations was tolled during his subsequent absence and did not bar the suit on the note.

Article 5537 provides:

If any person against whom there shall be a cause of action shall be without the limits of this State at the time of the accruing of such action, or at any time during which the same might have been maintained, the person entitled to such action shall be at liberty to bring the same against such person after his return to the State and the time of such person's absence shall not be accounted or taken as a part of the time limited by any provision of this title.

The record reflects that Binkley was an Oklahoma resident who occasionally visited Texas for business purposes. He testified that he was never in Texas more than sixty days in any given year, and even assuming that maximum figure as a calculatory base, the time he was present in Texas does not exceed the four-year limitations period.

◾ In attempting to avoid the tolling effect and justify his defense, Binkley asserts that article 5537 does not halt the running of limitations when service could be achieved under the long-arm statutes. Alternatively, he urges that the tolling statute is inapplicable to nonresidents who are, by definition, absent from the state without expectation of return. We cannot accept these arguments. In *Vaughn v. Deitz,* 430 S.W.2d 487 (Tex.1968), our supreme court

held that the tolling provisions of article 5537 applied notwithstanding the availability of substituted service of process upon the nonresident defendant. Under *Vaughn,* "presence," for the purposes of avoiding the tolling of limitations, means *actual presence within the territorial limits of the state* and not the constructive presence which justifies service under the long-arm statutes. Therefore, under *Vaughn* we hold that the statute of limitations was tolled during Binkley's absence from the territorial limits of this state and that the original suit was timely filed.

■ Secondarily, Binkley urges that the tolling statute only applies to Texas residents and cannot apply to nonresidents who are not expected to return to the state. We disagree. Even assuming Binkley's nonresident status, we must hold, under the decisions of our supreme court, that his physical presence in the state at the time the debt was incurred subjected him to operation of the tolling provisions. In *Stone v. Phillips,* 142 Tex. 216, 176 S.W.2d 932, 934 (1944), our supreme court held that while article 5537 is generally inapplicable to nonresidents, it does apply to nonresidents who were domiciled in the state at the time the cause of action accrued. Under *Stone,* the running of limitations against the claim is suspended after the domiciliary leaves the state, *even though he is not actually in the state when the cause of action becomes a present, enforcible demand in the sense that the obligation has matured for suit. Stone v. Phillips, supra,* 176 S.W.2d at 934. Although the issue was not actually presented by the case, Chief Justice Alexander further stated that the statute applied not only to former domiciliaries, but also to those nonresidents who were physically present in the state at the time the obligation forming the basis of the suit was incurred. This dictum of *Stone* was followed in *Gibson v. Nadel,* 164 F.2d 970, 971 (5th Cir. 1947), and the holding of *Gibson* was expressly approved by the supreme court in *Wise v.*

*Anderson,* 163 Tex. 608, 359 S.W.2d 876, 879 (1962). In *Wise,* the ultimate holding was that the statute of limitations was not tolled because the evidence raised a fact issue regarding whether the defendant was absent from the state for a sufficient period and that plaintiff waived that issue by failing to request its submission to the jury. In discussing the application of article 5537, however, the court observed that this statute "does apply to nonresidents who were present in the state at the time the cause of action accrued or had its inception and who later leave the state." 359 S.W.2d at 879.

■ Under this holding, the crucial inquiries in the case of a nonresident defendant are whether he was present in the state when the cause of action accrued or when he incurred the obligation and whether his absence from the state thereafter, if excluded from the elapsed time before bringing the suit, would leave less time than the applicable limitations period. In the present case, Binkley testified that he executed the note in Dallas, Texas; since he was thus physically present in Texas at the time the obligation arose, his subsequent absence from the state tolled the running of limitations regardless of his alleged "nonresident" status.

■ Therefore, under the above authorities, we are constrained to hold that the statute of limitations was tolled in this suit notwithstanding Binkley's amenability to Texas process during the entire period of his absence. Even if Binkley was a nonresident both before and after the note was executed, the statute of limitations was tolled until he "returned" to the state. We recognize that the practical effect of this holding is to eliminate the defense of limitations in all suits against nonresidents who incur an obligation in Texas and go back to their home state without returning to Texas. In such cases, the statute is tolled indefinitely.[1] Although we do not favor this

---

1. Although no constitutional question has been presented here, the present holding may raise a question of denial of equal protection of the laws as between residents and nonresidents, particularly in view of the 1975 amendment to rule 108 of the Tex.R.Civ.P., which authorizes personal service outside the state if the minimum contacts required by due process are shown. The effect of the amendment was not before the supreme court when the constitutional issue was decided in *Vaughn.*

result, we are bound by the pronouncements of our supreme court in this area.

■ Since we hold that Binkley has failed to show a meritorious defense to the suit on the note, the default judgment must stand. It is insufficient that the judgment as entered may be invalid; Binkley must also have shown a meritorious defense such that, had the defense been presented, this judgment would not have been rendered. *Petro-Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240, 245–46 (Tex.1974); *Overton v. Blum*, 50 Tex. 417 (1878).

Reversed and rendered.