## LOS ANGELES AIRWAYS, INC., Appellant,

v.

## William R. LUMMIS, Temporary Administrator, Appellee.

### No. B2335.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 18, 1980.

Rehearing Denied July 16, 1980.

Timothy M. Thornton, Robert E. Hinerfeld, David Elson, Pamela S. Miller, Murphy, Thornton, Hinerfeld & Cahill, Los Angeles, Cal., Jack F. Ritter, Jr., Austin, for appellant.

Hugh M. Ray, Karen B. Pettigrew, Andrews, Kurth, Campbell & Jones, Robert H. Roch, Fisher, Roch & Gallagher, Houston,

William M. Bitting, Hill, Farrer & Burrell, Los Angeles, Cal., for appellee.

Before COULSON, SALAZAR and JUNELL, JJ.

COULSON, Justice.

Los Angeles Airways, Inc. (LAA) appeals from a summary judgment granted in favor of William R. Lummis, Temporary Co-Administrator of the Estate of Howard R. Hughes, Jr., Deceased (Lummis). Suit was filed by LAA on February 4, 1977, after its creditor's claim had been rejected. The suit alleged promissory estoppel, breach of an oral contract with partial performance and fraud and deceit in connection with an alleged agreement made sometime between August 15, 1968 and the fall of 1970 by Hughes, through his associates, to purchase Los Angeles Airways, Inc.

LAA's claims, or variations thereof, have been litigated on several occasions. A final judgment was entered against LAA in Nevada on June 5, 1978 on the ground that the Nevada statute of limitations had run on LAA's claim.

LAA's sole point of error urges that the summary judgment granted in favor of Lummis below was erroneous.

Lummis's motion for summary judgment was predicated on two theories. First that the prior Nevada judgment was entitled to *res judicata* effect and full faith and credit in the courts of the State of Texas as a matter of law. Second that LAA's cause of action was barred by the Texas statutes of limitation, Tex.Rev.Civ.Stat.Ann. arts. 5526[1] and 5529 (Vernon 1958), because Hughes was legally present in Texas and amenable to service of process prior to the expiration of the statutes of limitation.

Lummis's only summary judgment proof was an exemplified copy of the complaint and decree in the Nevada case.

The judgment of the court below does not state on which of Lummis's two theories the summary judgment was granted. We will, therefore, determine if the summary judgment was proper under either theory.

---

1. Subsequently amended: Tex.Rev.Civ.Stat. Ann. art. 5526 (Vernon Supp. 1980).

Lummis contends that the Texas courts must give *res judicata* effect to the Nevada summary judgment granted in favor of Lummis on the basis that the Nevada statute of limitations had run before the action was instituted. It is well settled that "the statutes of limitation are a part of the remedy, and not of the law affecting the rights." *St. Louis & S.F.R. Co. v. Sizemore*, 116 S.W. 403, 409 (Tex.Civ.App. 1909, no writ) quoting *Ross v. Kansas City S.R. Co.*, 79 S.W. 626 (Tex.Civ.App. 1904, no writ). Since a statute of limitations question is a matter of remedy and procedure, it is governed by the law of the state in which the action is brought. *Hobbs v. Hajecate*, 374 S.W.2d 351 (Tex.Civ.App.—Austin 1964, writ ref'd). Texas will look to its own statute of limitations, and the Nevada summary judgment based on limitations had no *res judicata* effect on a Texas court. The summary judgment granted below was not proper if based on Lummis's *res judicata* theory.

LAA, in its Brief in Opposition to Motion for Summary Judgment, urged that the Texas tolling statute, Tex.Rev.Civ.Stat. Ann. art. 5537 (Vernon 1958) prevented the statute of limitations from running against Hughes while he was absent from the state. This contention is based on LAA's claim that Hughes was a Texas domiciliary at all times pertinent to the litigation. If Hughes were a Texas domiciliary at all times pertinent to the litigation, article 5537 would operate to toll the statute of limitations under the holding in *Stone v. Phillips*, 142 Tex. 216, 176 S.W.2d 932 (1944) which states:

. . . if he is actually in the State or is domiciled here at the time the obligation arises, the running of limitation is suspended during his subsequent absence, even though he is not actually in the State at the date when the cause of action becomes a present, enforceable demand in the sense that the obligation has matured for suit. 176 S.W.2d at 934.

The interposing of a suspension statute by the non-movant requires the party seeking a summary judgment based on the expiration of the statute of limitations to negate the applicability of the tolling statute in order to conclusively establish the limitation defense. *Zale Corporation v. Rosenbaum*, 520 S.W.2d 889 (Tex. 1975). As stated above, Lummis's only summary judgment proof was a copy of the complaint and decree in the Nevada case. In that complaint LAA alleged "[t]hat at all times during the period between August 1, 1968, and approximately November 28, 1970, Hughes was *residing* in the Penthouse suite of the Desert Inn Hotel in Las Vegas, Nevada." (emphasis ours). Lummis contends that LAA's allegation in the Nevada complaint precludes it from asserting that Hughes was a Texas domiciliary and thus claiming the benefits of the Texas tolling statute. An allegation of Hughes's Nevada *residence* does not negate the possibility of his being a Texas *domiciliary*. As stated in *Stone*, the fact that one resides elsewhere does not destroy one's Texas domicile so long as there was an intention to retain that domicile. 176 S.W.2d at 933.

Lummis failed to offer any summary judgment proof which would conclusively negate the applicability of the tolling statute. If such evidence exists, it may be offered at a future summary judgment proceeding.

We do not address the merits of the domicile question. We only hold that appellee did not come forward with any summary judgment proof to refute LAA's claim that the statute of limitations was tolled because Hughes was a Texas domiciliary throughout the period in question.

We reverse and remand this cause to the trial court inasmuch as a summary judgment could not properly have been granted on the *res judicata* issue and appellee did not supply proper summary judgment proof to conclusively establish that appellant's claims were barred by limitations.

Reversed and remanded.