James JACKSON et ux., Appellants,

v.

J. R. NEATHERLIN CORPORATION,
Appellee.

No. 16920.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Aug. 18, 1977.

Rehearing Denied Oct. 6, 1977.

John E. Sherman, Houston, for appellants.

COLEMAN, Chief Justice.

This is an appeal from a judgment entered after a nonjury trial dismissing the case on a finding that the cause of action was barred by the four year statute of limitations.

On January 30, 1971, the Jacksons executed a contract with J. R. Neatherlin Corporation under which the Jacksons purchased a house from the corporation and the corporation agreed to move the house onto a lot owned by the Jacksons. On March 1, 1973, the plaintiffs filed a suit naming J. R. Neatherlin as defendant alleg-

ing various breaches of the contract, which was attached to and made a part of the petition.

The citation was served on J. R. Neatherlin, who filed an answer setting forth a general denial and certain affirmative defenses. On July 15, 1974, Neatherlin filed an amended answer in which he alleged that he was not liable in the capacity sued because the contract forming the basis of the suit was between plaintiffs and the J. R. Neatherlin Corporation. On August 5, 1974, plaintiffs filed an amended petition naming the J. R. Neatherlin Corporation as defendant. On March 29, 1976, the J. R. Neatherlin Corporation filed an answer which included a plea that the plaintiffs' cause of action was barred by the four year statute of limitations. (The trial court recited for the record that citation was issued for service on the corporation five years and one month after the date of the contract. The plaintiffs' attorney testified that he mailed his amended petition naming J. R. Neatherlin Corporation as defendant to the clerk and enclosed in the same letter the necessary additional deposit for court costs and requested the issuance of citation. He also testified that on August 5, 1974, he mailed to the attorney for J. R. Neatherlin a copy of the amended petition which was receipted for on August 9, 1974. This was the same attorney that subsequently filed an answer on behalf of the J. R. Neatherlin Corporation.) There was testimony that the citation on the amended petition was served on the J. R. Neatherlin Corporation on March 23, 1976.

Appellant contends that the trial court erred in finding that plaintiff failed to exercise due diligence in procuring the issuance of a citation on its amended petition naming the J. R. Neatherlin Corporation as a defendant. This point cannot be sustained. The attorney for appellant testified that he mailed the amended petition to Ray Hardy and included a letter requesting the issuance of citation together with a check for the necessary filing fee. This court judicially knows that Ray Hardy is the Clerk of the District Court of Harris County, Texas, and that R. E. Turrentine, Jr. is the Clerk of the County Civil Court at Law No. 1 of Harris County, Texas, the court in which the case was pending. While it appears that the amended petition reached the office of the County Clerk, there is no evidence that the letter and the check also reached that office.

 It has been held that a party has the right to assume that officers will do their duty and that citation will be issued and served promptly. *Allen v. Masterson,* 49 S.W.2d 855 (Tex.Civ.App.—Galveston 1932, writ ref'd). In the absence of proof it will not be presumed that the plaintiff did anything to delay the issuance of citation. *Curtis v. Speck,* 130 S.W.2d 348 (Tex.Civ. App.—Galveston 1939, writ ref'd). In the absence of proof that the necessary fees were paid, these presumptions could not apply. *Landers v. Jordan,* 126 S.W.2d 677 (Tex.Civ.App.—Amarillo 1939, no writ history); *Klemm v. Schroeder,* 204 S.W.2d 675 (Tex.Civ.App.—San Antonio 1947, no writ history).

Appellants also contend that the trial court erred in sustaining appellee's plea in bar based on the statute of limitations for the reason that appellants' amended petition naming J. R. Neatherlin Corporation as the defendant related back to the original petition filed on March 1, 1973, and was not barred by the statutes of limitations. The appellee failed to file a brief in this court, and we may rely on the statement of facts found in the appellants' brief. The contract between James Jackson and J. R. Neatherlin Corporation was executed by J. R. Neatherlin. Neatherlin answered with a general denial and then plead specially that the plaintiff was not entitled to damages for the reason that the contract involved in the lawsuit was merged into final closing documents. He further plead accord and satisfaction, waiver, estoppel, and laches.

In February, 1974, well within the period of limitations, appellant propounded interrogatories to the J. R. Neatherlin Corporation addressed to J. R. Neatherlin. The interrogatories were answered by J. R. Neatherlin. He answered "yes" to the first interrogatory reading:

"State whether or not you entered into an agreement with JAMES JACKSON on or about January 30, 1971 for the sale of a three (3) bedroom house on a slab to be moved to Lot 64, Block 3, Lincoln City Section 5, in Harris County, Texas."

A copy of the contract was attached to the answers made to the interrogatories.

J. R. Neatherlin is the President of J. R. Neatherlin Corporation, and is its agent for service. By his original petition the plaintiff alleged that he entered into a contract with J. R. Neatherlin, although the contract which was incorporated by reference into the petition showed that the contract was between James Jackson and the J. R. Neatherlin Corporation, and that J. R. Neatherlin executed it as agent for the Corporation.

■ This action was for damages for breach of the written contract which required the defendant to move a house on the plaintiffs' property and to "fix all doors and windows in the house and replace all rotten boards." The statute of limitations applicable to such an action is Art. 5527, V.A.T.S. providing that the cause of action must be commenced and prosecuted within four years "after the cause of action shall have accrued." *Certain-Teed Products Corporation v. Bell,* 422 S.W.2d 719 (Tex.1968). Action on the contract does not accrue until the contract has been breached. No evidence was introduced to establish the date on which such breach occurred. Since there are no points specifically asserting that there is no evidence or insufficient evidence to support a finding that this action is barred by the statute of limitations, the point has been waived and we will consider that the action is barred by the statute of limitations unless the trial court erred in failing to consider that the amended petition naming the corporation as a defendant related back to the date of the filing of the original petition.

In *Continental Southern Lines, Inc. v. Hilland,* 528 S.W.2d 828 (Tex.1975), the court had before it a case in which Ruth Hilland, a passenger, was injured when she was getting off a bus marked Continental Trailways. The bus from which the plaintiff stepped was owned and operated by Continental Southern Lines, Inc. Suit was brought within two years by Ruth Hilland against Continental Trailways, Inc., a Texas corporation. This corporation is a different corporation with different officers and directors from Continental Southern Lines, Inc., a Louisiana corporation, which has its headquarters in Jackson, Mississippi. More than two years after the accident the plaintiff's petition was amended to make Continental Southern a party defendant. It interposed as a defense the two year statute of limitations. The plaintiff recovered a judgment in the trial court which was affirmed by the court of civil appeals. The Supreme Court stated that the general rule was that the institution of a suit against one corporation will not interrupt the running of a limitation period as to a different corporation or entity. The court, however, remanded the case for a new trial in the interest of justice.

The Supreme Court pointed out that the two corporations made a conscious effort to make it appear to the public and to their customer that they are "Continental Trailways". The two companies had the same agent for service and the same attorneys in Houston. Circumstances indicated that the citation may have been forwarded to Continental Southern Lines, Inc. The driver of the bus reported the accident to Continental Southern Lines, Inc. After citing these facts, the Supreme Court said:

"From the above it might be inferred that its people became alerted and that its investigative people had prompt notice of the accident. Upon a retrial, the plaintiff will also have the opportunity to prove, if she can, that with knowledge of the facts of the accident, Continental Southern Lines, Inc., caused an answer to be filed by Continental Trailways, Inc., or acquiesced in such action. The record, however, was not fully developed; and there are only inferences, but no finding, that Continental Southern Lines, Inc., was actually notified and had a fair opportunity to defend itself before the period of limitations had run.

The primary purpose of a statute of limitations is to compel the exercise of a right within a reasonable time so that the opposite party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds. While the plaintiff made a mistake in her original petition as to the defendant that should have been sued, it is our opinion that she should be given, under the circumstances here present, an opportunity to prove that the Continental Southern Lines, Inc., was cognizant of the facts, was not misled, or placed at a disadvantage in obtaining relevant evidence to defend the suit. * * *

If the substance of the facts set out above are found upon a new trial, it would be a misapplication of the statute of limitations to hold that the plaintiff's action was barred. Continental Southern would then have known or should have known that it would be the target if plaintiffs ever learned the new facts, and it had as much opportunity to prepare a defense as if it had been named a defendant in the original petition."

The rationale of this case is applicable to the case now before this court. The president of the corporation with whom plaintiff made a contract which he alleged the corporation breached was named as the defendant in the original petition. While he was the only named defendant he answered interrogatories in a manner which might be taken to mean that he had admitted that he had entered into a contract with the plaintiff in his personal capacity even though he attached a copy of the contract to his answers. The amended petition naming the corporation as the plaintiff was filed within four years from the date of contract. There is evidence that a copy of the amended petition was mailed to the lawyer representing the president of the corporation and he subsequently filed an answer for the corporation more than four years after the cause of action accrued. These facts were undisputed and established that the corporation was cognizant of the facts, and was not misled or placed at a disadvantage in obtaining relevant evidence to defend the

suit. It also established that the corporation acquiesced in the action of its president in filing an answer on the merits and in answering interrogatories in such a manner as to leave the impression that the action was properly brought by the plaintiff.

 The trial court has misapplied the statute of limitations by holding that the plaintiffs' action is barred. The amended petition naming the corporation as a defendant relates back to the date of the filing of the original petition. Under these facts the date on which the citation on the amended petition was served becomes immaterial. *Continental Southern Lines, Inc. v. Hilland, supra.*

The judgment is reversed and the cause is remanded.