James E. McGUIRE et ux., Appellants,

v.

FEDERAL DEPOSIT INSURANCE COR-PORATION, as Receiver of Sharpstown State Bank, Appellee.

No. 16862.

Court of Civil Appeals of Texas, First District.

Sept. 1, 1977.

Rehearing Denied Nov. 17, 1977.

Moore, Putnam & Larson, Gene E. Putnam, Houston, for appellants.

Baker & Botts, Allister M. Waldrop, Jr., Norris Dennard, Houston, for appellee.

EVANS, Justice.

This is an appeal from a deficiency judgment rendered against Mr. and Mrs. McGuire, the original makers of a promissory note made payable to Gibraltar Savings Association in the principal amount of $26,100.00. The note dated July 27, 1965, represented a part of the purchase price of a condominium unit purchased by the McGuires from Condominium, Inc. and it was secured by a deed of trust in favor of Gibraltar Savings Association.

In May 1966, the McGuires reconveyed the property to Condominium, Inc., which assumed and agreed to pay the balance due on the purchase money indebtedness. The note was subsequently assigned by Gilbraltar Savings Association to Sharpstown Realty Company, by that company to the National Banker's Life Insurance Company of Dallas, and then was assigned to Sharpstown State Bank. The last payment on the note was made by Sharpstown Realty Company to Sharpstown State Bank on December 22, 1970.

On January 25, 1971, Sharpstown State Bank was closed by the State Banking Commissioner. Two days later the Federal Deposit Insurance Corporation was appointed receiver of that bank. The F.D.I.C. thereafter accelerated the entire indebtedness and proceeded to foreclose under the deed of trust. At a trustee's sale held in February 1972, the F.D.I.C. bid in and purchased the property for the sum of $20,180.51.

On May 23, 1972, the F.D.I.C. filed this suit against the McGuires, seeking to recover the claimed deficiency on the note in the sum of $9,463.46, plus attorney's fees, trustee's fees and interest.

In its original petition, the F.D.I.C. alleged that the McGuires might be served with process at their residence: "107 Dana, Highlands, Harris County, Texas". That process was returned unexecuted on May 25, 1972 with the officer's notation that the defendants no longer lived at that location. A year later, on May 21, 1973, a second citation was issued for service upon the McGuires at the same address, and that process was also returned unexecuted with a notation that the officer was unable to locate the defendants at the address given.

On October 3, 1974, a citation was issued for service upon the Secretary of State, and on October 9, 1974 that process was forwarded by the Secretary of State's office to James E. McGuire "Lot 5, S–1, Lake Lotawana, Mo. 64063". The return receipt on this notification shows that the process was returned "unclaimed".

On February 13, 1976, the F.D.I.C. notified its attorneys that it had received a location report which indicated that the McGuires resided at 5012 Prospect, Kansas City, Missouri, and that Mr. McGuire was currently President of Agra Steel Corpora-

tion at 4650 W. 90th Terrace, Prairie Village, Kansas. Processes were then issued by the District Clerk's office for service at the Kansas business address, and after being forwarded through the office of the Secretary of State, were served upon the McGuires on March 8, 1976.

In the first three points of error the McGuires contend that the trial court erred in entering judgment for the F.D.I.C., because its cause of action was barred by the four year statute of limitations in that it had failed, as a matter of law, to meet its burden of proof of showing that it had exercised due diligence in prosecuting its claim. These points will be sustained.

It is undisputed that early in September of 1974, the F.D.I.C. had information that McGuire could be served at his business address in Prairie Village, Kansas as well as at his residence in Lake Lotawana, Missouri. Although the record shows that the F.D.I.C. attorney furnished the District Clerk's office with information both as to the residence and business addresses of Mr. McGuire, the letter of transmittal to the clerk suggested only the residence address as the place where service was to be attempted. There is no evidence indicating that a request was made upon the District Clerk or upon the Secretary of State to serve the McGuires at the business address, and on the contrary the record shows that citations were issued for service only at the residence address.

A period of some 18 months expired between September 1974, the date when the F.D.I.C. first received notification of an accurate business address for the McGuires, and March 1976, when service of process was perfected. During this same period of time, there was a lapse of some eight months between the time that the F.D.I.C.'s attorneys learned that service had been ineffectually attempted at the McGuire residence address and the time when service was perfected.

Where the defendant pleads the defense of limitations, and a failure to timely serve the defendant is shown, it is the plaintiffs' burden to explain the delay.

*Williams v. Houston-Citizens Bank & Trust Co.,* 531 S.W.2d 434 (Tex.Civ.App.—Houston [14th] 1975, writ ref'd n. r. e.). In order to meet this burden the plaintiffs must show not only that the suit was filed within the statutory period, but that there was a bona fide intent that process be issued and served and that due diligence was exercised in the issuance and service of citation. *Buie v. Couch,* 126 S.W.2d 565, 566 (Tex.Civ. App.—Waco 1939, writ ref'd). The diligence which must be shown is the same as that which would have been exercised by an ordinarily prudent person under the same or similar circumstances. *McDonald v. Evans,* 217 S.W.2d 870 (Tex.Civ.App.—Amarillo 1949, no writ); *Meyer v. Pecos Mercantile Co.,* 47 S.W.2d 435 (Tex.Civ.App.—El Paso 1932, no writ).

The F.D.I.C. points to the evidence indicating that numerous efforts were made to locate the McGuires prior to the first issuance of citation in 1972, and that continuous efforts were thereafter made to locate the McGuires by an individual who was employed by the F.D.I.C. for that purpose. The McGuires evidently changed their residence a number of times after executing the note, and the F.D.I.C. contends that this factor and others, coupled with the extraordinary number of accounts which it was required to handle as receiver for the Sharpstown State Bank, constituted sufficient explanation for its failure to effect service of process on the McGuires.

The F.D.I.C. has failed, however, to give any reasonable excuse for its failure to have process served on the McGuires within the 18 month period after it first learned of an accurate business address. It was incumbent upon the F.D.I.C., not only to furnish the District Clerk with the information that it had concerning the McGuires two addresses, but to exercise ordinary diligence in ascertaining that citation was actually issued and served on the basis of such information. *Jackson v. J. R. Neatherlin Corp.,* 557 S.W.2d 327 (Tex.Civ.App.—Houston [1st] 1977). Under the circumstances shown by the undisputed evidence, this court must hold that the record establishes

**216**

as a matter of law a lack of due diligence in the issuance and service of process. *Rigo Mfg. Co. v. Thomas,* 458 S.W.2d 180, 182 (Tex.1970). In view of this court's ruling with respect to the McGuires' first three points of error, it is not necessary to consider the remaining points of error.

The judgment of the trial court is reversed and rendered.

### ON MOTION FOR REHEARING

EVANS, Justice.

■ In a supplemental motion for rehearing the appellees propose that Article 5537, Tex.Rev.Civ.Stat.Ann. should be applied to this case, thus avoiding the bar of the statute of limitations. Appellees contend that the evidence shows the McGuires were residents of the state at the time the note was executed and that their subsequent departure from the state tolled the statute of limitations notwithstanding the permanent nature of their nonresidency. Appellees cite the recent case of *Dicker v. Binkley,* 555 S.W.2d 495 (Tex.Civ.App.—Dallas 1977, writ filed), as authority for this proposition.

It is unnecessary to determine at this stage of the proceedings whether Article 5537 would be applicable to the facts at hand. The applicability of Article 5537 to nonresidents present in the state at the time of the inception or accrual of the cause of action has long been established. *Wise v. Anderson,* 359 S.W.2d 876 (Tex.1962); *Stone v. Phillips,* 142 Tex. 216, 176 S.W.2d 932 (1944); *Gibson v. Nadel,* 164 F.2d 970 (5th Cir. 1947). The appellees made no assertion of this proposition prior to their motion for rehearing, and the matter cannot be raised at this point in the proceedings. *Stanfield v. Butler,* 475 S.W.2d 838 (Tex.Civ.App.—Beaumont 1971, writ ref'd n. r. e.); *W. T. Burton Co. v. Keown Contracting Co.,* 353 S.W.2d 909 (Tex.Civ.App.—Beaumont 1961, writ ref'd n. r. e.).

The motion for rehearing is denied.