Opinion issued February 6, 2009            
 














In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-06-01038-CV
____________

ST. LUKE’S EPISCOPAL HOSPITAL and THE TEXAS HEART
INSTITUTE, Appellants

V.

RAYMON POLAND, INDIVIDUALLY AND AS INDEPENDENT
ADMINISTRATOR OF THE ESTATE OF JESSIE POLAND, ROBERT
MARTIN, and FRANK MARTIN, Appellees




On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 2006-38894



 
OPINION ON REHEARING

          Our opinion in this cause issued on February 14, 2008. Appellees, Raymon
Poland, individually and as independent administrator of the estate of Jessie Poland,
Robert Martin, and Frank Martin (“the Poland parties”), timely moved for rehearing
to the panel and for en banc reconsideration to the Court. Appellants, St. Luke’s
Episcopal Hospital and the Texas Heart Institute, also timely moved for rehearing to
the panel. On March 13, 2008, the Court denied the Poland parties’ rehearing motion,
but their motion for en banc reconsideration remained pending, as did appellants’
motion for rehearing, thus maintaining our plenary power over the appeal. See Tex.
R. App. P. 19.1(b); see also City of San Antonio v. Hartman, 201 S.W.3d 667, 670–71
(Tex. 2006). We now grant appellants’ motion for rehearing, withdraw our opinion
and judgment issued February 14, 2008, and issue this opinion and judgment in their
stead. Nonetheless, we do not change the disposition of the appeal. The Poland
parties’ motion for en banc reconsideration is rendered moot by the granting of
appellants’ motion for rehearing and our withdrawing and reissuing our opinion and
judgment.


 See Brookshire Brothers, Inc. v. Smith, 176 S.W.3d 30, 41 n.4 (Tex.
App.—Houston [1st Dist.] 2004, pet. denied) (op. on reh’g) (noting that motion for
en banc reconsideration becomes moot when motion for rehearing is granted and new
opinion and judgment issue).
          Appellants appeal from the trial court’s interlocutory order denying their
motion to dismiss the health-care-liability claims of the Poland parties based on the
Poland parties’ failure timely to serve an expert report on appellants. See Tex. Civ.
Prac. & Rem. Code Ann. § 51.014(a)(9) (Vernon 2008). We determine whether an
expert report served on appellants more than 120 days after health-care-liability
claims were first alleged against them, but which was provided to appellants’ counsel
before the filing of a petition alleging such claims against them, was timely “served”
under the version of section 74.351(a) that applies to this case. See Tex. Civ. Prac.
& Rem. Code Ann. § 74.351(b) (Vernon Supp. 2008) (providing that trial court must
dismiss health-care-liability claim against defendant if claimant fails to serve expert’s
report and curriculum vitae on that defendant within period specified by section
74.351(a)); Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen.
Laws 847, 875 (providing that claimant must serve each defendant against whom
health-care-liability claim is asserted with expert’s report and curriculum vitae not
later than 120 days of claim’s filing) [hereinafter, “former section 74.351(a)”],



amended by Act of May 18, 2005, 79th Leg., R.S., ch. 635, § 1, 2005 Tex. Gen. Laws
1590, 1590 (current version at Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a)
(Vernon Supp. 2008)). Concluding that the report was untimely served, we reverse
the judgment in part, affirm it in part, and remand the cause with instructions.
Background
          The factual recitations come mainly from the Poland parties’ petitions. 
Appellant Raymon Poland was the husband of Jessie Poland; the remaining
appellants were his natural children. In August 2003, Jessie Poland, under the care
of Dr. James Willerson (an appellee in a related appeal) and Dr. Ott (an appellee in
another related appeal), was hospitalized at St. Luke’s Episcopal Hospital and the
Texas Heart Institute for an elective surgical procedure to repair her heart’s mitral
valve. Dr. Alina Grigore, who was employed by Dr. Arthur S. Keats & Associates
(both appellees in another related appeal), was the anesthesiologist for the surgical
procedure. The Poland parties alleged that, at the time of surgery, Jessie Poland’s
blood contained a level of Coumadin that the health-care providers should have
known rendered her blood fully anti-coagulated and, thus, rendered surgery
dangerous. The surgery was nonetheless performed; Jessie Poland bled internally;
and she died several days later of multi-system organ failure.
          In their original and first amended petitions, both of which were filed on
October 24, 2005, the Poland parties sued, among other defendants, St. Luke’s
Episcopal Hospital, the Texas Heart Institute, the University of Texas Health Science
Center at Houston, Dr. Arthur S. Keats & Associates, and Drs. Ott, Grigore, and
Willerson for Jessie Poland’s wrongful death, for her pain and suffering and medical
costs before her death, and for her burial expenses. By the time of the trial court’s
complained-of ruling, the Poland parties had amended their petition two more times
to allege the following causes of action or theories of recovery against all defendants,
including appellants: (1) negligence, (2) gross negligence, (3) actual and constructive
fraud, (4) intentional infliction of emotional distress, (5) assault and battery, (6)
intentional and negligent abandonment, (7) breach of fiduciary duties, (8) “negligent
breach of fiduciary duties,” (9) malpractice, (10) “lack of proper informed consent,”
(11) “tampering with official medical records,” (12) “forgery,” (13) violations of the
Texas Deceptive Trade Practices–Consumer Protection Act (“DTPA”),


 and (14)
conspiracy among all defendants. The “live,” third amended petition also added
allegations that the defendants had altered Jessie Poland’s medical records and forged
Raymon Poland’s signature on unspecified hospital documents. The Poland parties
sought actual and exemplary damages. 
          Appellants moved, under Texas Civil Practice and Remedies Code section
74.351(b), to dismiss the Poland parties’ health-care-liability claims against them for
failure to serve an expert report upon them or their attorneys within 120 days of the
filing of these claims. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b)
(providing that trial court must dismiss health-care-liability claim against defendant
if claimant fails to serve expert’s report and curriculum vitae on that defendant within
period specified by section 74.351(a)); see also Act of June 2, 2003, 78th Leg., R.S.,
ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 875, amended by Act of May 18, 2005,
79th Leg., R.S., ch. 635, § 1, 2005 Tex. Gen. Laws 1590, 1590. Appellants’ motion
to dismiss alleged that the Poland parties had served their expert report 123 days after
these claims had been filed against appellants. Alternatively, appellants argued that,
even if the court determined that service was timely, the court should nonetheless
strike the expert report for substantive insufficiency. See Tex. Civ. Prac. & Rem.
Code Ann. § 74.351(a) (Vernon Supp. 2008) (requiring each defendant whose
conduct is implicated by health-care-liability claim to file and to serve any objection
to expert report’s sufficiency within 21st day of report’s service); id. § 74.351(l)
(Vernon Supp. 2008) (requiring court to grant challenge to adequacy of expert report
only if it appears that report does not represent objective, good-faith effort to comply
with statutory definition of such report); id. § 74.351(r)(6) (Vernon Supp. 2008)
(defining “expert report”). Finally, as did several other defendants, appellants
objected to the Poland parties’ live petition to the extent that it attempted to recast
health-care-liability claims as other causes of action, and they moved to dismiss those
claims, as well, under section 74.351(b). Appellants sought attorney’s fees under
section 74.351(b). See id. § 74.351(b)(1) (requiring trial court to award attorney’s
fees to defendant who prevails on dismissal motion based on failure to serve expert
report timely).
          The Poland parties responded to appellants’ section 74.351(b) dismissal
motion. That response is not in the record, but we know from appellants’ reply to it
and from the parties’ appellate briefing that the Poland parties did not deny that they
had served the report of their expert, Dr. Dennis Moritz,


 on appellants’ counsel 123
days after the filing of the original and first amended petition; instead, the Poland
parties asserted that Dr. Moritz’s May 2, 2005 expert report was timely because it had
been “served” on appellants in early May 2005, well before suit was filed, by their
having faxed it to appellants’ counsel, along with Dr. Moritz’s curriculum vitae,
despite the report’s not having referenced section 74.351. Appellants replied that the
Poland parties’ provision of an expert report before the filing of the health-care-liability claims against them did not meet former section 74.351(a)’s requirements. 
Appellants again requested attorney’s fees.
          On July 14, 2006, the trial court heard appellants’ motion to dismiss for
untimely service and their objections to the Poland parties’ live petition. Other
defendants’ motions to dismiss, objections to the expert report, and motions to strike
the live petition were heard simultaneously. No additional evidence was presented
at the hearing. Some time after this hearing, the trial court verbally ruled that it
would deny appellants’ motion to dismiss for untimely service; for this reason, on
September 8, 2006, the trial court heard appellants’ objections to the expert report’s
sufficiency. As before, no additional evidence was presented at this second hearing.
          On October 30, 2006, the trial court rendered an interlocutory order that,
among doing other things, denied appellants’ motion to dismiss the health-care-liability claims against them for lack of timely service and also denied their objection
to the report’s sufficiency:
On July 14, 2006 . . . CAME TO BE HEARD all parties, by and through
counsel, . . . St. Luke’s Episcopal Hospital’s and [the] Texas Heart
Institute’s Objections to Plaintiff’s Chapter 74, Section 74.351 Expert
Report and Motion to Dismiss Pursuant to Chapter 74, Section
74.351. . . . The Court, having considered such Motions and Objections,
having reviewed the file herein, and heard the argument of counsel,
makes the following FINDINGS OF FACTS and ORDERS:
 
1.Plaintiffs . . . filed their Original Petition on October 24,
2005. The 120-day deadline by which Plaintiffs were
required to serve their expert reports pursuant to Section
74.351 of the Tex. Civ. Prac. & Rem. Code was February
21, 2006. The earliest date that Plaintiffs served an expert
report to any Defendant, after the filing of their lawsuit,
was on February 24, 2006.
 
. . .
 
2.With respect to Defendants, St. Luke’s Episcopal Hospital
and [the] Texas Heart Institute, on May 6, 2005, prior to
filing suit, counsel for Plaintiff, Raymon Poland, mailed
counsel for these Defendants an unsigned report from
Dennis Moritz, M.D. dated May 2, 2005. The cover letter
attaching the report did not specify that the report was
being provided in accordance with the provisions of
Chapter 74 of the Texas Civil Practice and Remedies Code. 
As Plaintiff, Raymon Poland, provided an expert report to
Defendants, St. Luke’s Episcopal Hospital and [the] Texas
Heart Institute, before suit was filed, the Court finds that
[plaintiffs-appellees] TIMELY served the Chapter 74,
Section 74.351 report as to Defendants, St. Luke’s
Episcopal Hospital and [the] Texas Heart Institute.
 
. . .
 
4.With further respect to Defendants, St. Luke’s Episcopal
Hospital’s and [the] Texas Heart Institutes’ [sic] Objections
to Plaintiffs’ Chapter 74, Section 74.351 Expert Report as
insufficient, the court further finds that [plaintiffs-appellees’] expert report of Dennis Moritz, M.D. dated
May 6, 2005 is SUFFICIENT and Defendants, St. Luke’s
Episcopal Hospital’s and [the] Texas Heart Institutes’ [sic]
Motion to Dismiss Pursuant to Chapter 74, Section 74.351 
of the Texas Civil Practice and Remedies Code is
DENIED.

(Emphasis in original.) The record contains no express ruling on appellants’
objections to the Poland parties’ live petition based on the assertion that the petition
recast health-care-liability claims as other causes of action. This same order also
granted the dismissal motions of Dr. Ott and of Dr. Grigore and Dr. Arthur S. Keats
& Associates under section 74.351(b). Finally, the trial court signed a separate
interlocutory order, also dated October 30, 2006, that granted Dr. Willerson’s motion
to dismiss based upon Texas Civil Practice and Remedies Code section 101.106(f). 
See Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f) (Vernon 2005).
          Appellants appealed the denial of their motion to dismiss, and the Poland
parties appealed the adverse rulings dismissing all of their claims against Dr. Ott, Dr.
Willerson, and Dr. Grigore and Dr. Arthur S. Keats & Associates—all under the same
appellate cause number. Although the interlocutory order appealed by appellants was
permitted by statute, this was not true of every appealed order. See Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a) (Vernon Supp. 2008). On December 18, 2006, this
Court, upon the parties’ motion, abated the appeal and remanded the cause for the
trial court—upon various parties’ motions, filed in the trial court after appeal, to sever
the interlocutory orders rendered in favor of Drs. Ott, Willerson, and Grigore and Dr.
Arthur S. Keats & Associates—to render final and appealable those interlocutory
rulings that had not been appealable on an interlocutory basis. Upon remand, the trial
court severed the rulings against the specified defendants from the underlying cause,
rendering a final judgment in the newly severed cause numbers involving Dr. Ott, Dr.
Willerson, and Dr. Grigore and Dr. Arthur S. Keats & Associates. On March 15,
2007, this Court reinstated the appeal, assigning different appellate cause numbers
to the appeal of what had by then become four separate rulings in four separate trial-court cause numbers. This opinion and judgment concern appellants’ appeal of the
interlocutory order denying their motion to dismiss.
Service on Appellants
          Under their first issue, appellants argue that the provision of an expert report
to a physician or health-care provider before a court claim is filed against that
individual or entity does not comply with former section 74.351(a). The Poland
parties respond that former section 74.351(a) can be satisfied by provision of an
expert’s report before a claim has been asserted against that person or entity in a
lawsuit, so that the same report need not be served again within 120 days of the
claim’s filing against that defendant.
          Former section 74.351(a) provides as follows concerning service of the expert
report and curriculum vitae:
          § 74.351. Expert Report
(a)In a health care liability claim, a claimant shall, not later than the
120th day after the date the claim was filed, serve on each party or the
party’s attorney one or more expert reports, with a curriculum vitae of
each expert listed in the report for each physician or health care provider
against whom a liability claim is asserted. The date for serving the
report may be extended by written agreement of the affected parties. 
Each defendant physician or health care provider whose conduct is
implicated in a report must file and serve any objection to the
sufficiency of the report not later than the 21st day after the date it was
served, failing which all objections are waived.

See Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847,
875, amended by Act of May 18, 2005, 79th Leg., R.S., ch. 635, § 1, 2005 Tex. Gen.
Laws 1590, 1590 (current version at Tex. Civ. Prac. & Rem. Code Ann.
§ 74.351(a)). The section continues:
 
(b)If, as to a defendant physician or health care provider, an expert
report has not been served within the period specified by Subsection (a),
the court, on the motion of the affected physician or health care
provider, shall, subject to Subsection (c), enter an order that:
 
(1)awards to the affected physician or health care provider
reasonable attorney’s fees and costs of court incurred by the
physician or health care provider; and
 
(2)dismisses the claim with respect to the physician or health
care provider, with prejudice to the refiling of the claim.

Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b).
          This Court has recently held that “[t]he plain language of former section
74.351(a) and [Texas Rule of Civil Procedure] 21a, which it implicitly incorporates
by use of the term ‘serve,’ simply does not contemplate ‘service’ of the expert’s
report and [curriculum vitae] on a physician or health-care provider until after a claim
has been filed in court against that person or entity.” Poland v. Ott, No. 01-07-00199-CV, 2008 WL 5392015, at *7 (Tex. App.—Houston [1st Dist.] Dec. 19, 2008,
no pet. h.). Accordingly, the provision of an expert report to a physician or health-care provider before a claim is filed against that individual or entity in court does not
comply with former section 74.351(a)’s service requirement; instead, the 120-day
period in which an expert report must be served is triggered under former section
74.351(a) by the filing of a health-care-liability claim against that person or entity. 
See id.
          Because the Poland parties did not serve their expert’s report within the 120-day period following their assertion of a health-care-liability claim against appellants,
the trial court had no discretion to do anything except to dismiss the health-care-liability claims against these two defendants with prejudice. See Tex. Civ. Prac. &
Rem. Code Ann. § 74.351(b)(2) (providing that trial court “shall dismiss[] the claim
with respect to the physician or health care provider, with prejudice to the refiling of
the claim”). Accordingly, we hold that the trial court erred in denying appellants’
motion to dismiss that was based on section 74.351(b).


 
          Given our disposition of appellants’ first issue, we need not reach their second
issue, which asserts that, if timely, the expert report was substantively deficient.
Disposition
          We reverse that portion of the October 30, 2006 interlocutory order that denied
the motion, asserted under section 74.351(b), to dismiss the health-care-liability
claims alleged against appellants. We affirm the order except as herein reversed.


 
We remand the cause with instructions for the trial court to render an order granting
appellants’ dismissal motion and dismissing with prejudice all health-care-liability
claims against appellants. See id. We remand the cause with instructions, rather than
rendering a judgment of dismissal with prejudice, because of other matters that the
trial court must address upon remand. 
          For example, in their dismissal motion, appellants requested attorney’s fees,
which the trial court did not award because of its disposition. Because the trial court
will grant appellants’ section 74.351(b) dismissal motion upon remand, the trial court
must also award these parties “reasonable attorney’s fees and costs of court incurred
by” them. See id. § 74.351(b)(1). Upon remand, the trial court must determine the
amount of attorney’s fees and their reasonableness, matters that it did not reach
before. See id.
          Additionally, section 74.351 applies only to health-care-liability claims. See
id. § 74.351. The Poland parties’ live petition alleged not only health-care-liability
claims, but also alleged intentional torts, violations of the DTPA and of Texas Penal
Code provisions, conspiracy to commit various matters, and breaches of fiduciary
duty. Still pending before the trial court is appellants’ objection to the live petition
of the Poland parties, asserting that the Poland parties had improperly recast what
were simply health-care-liability claims as other causes of action. The scope of the
trial court’s dismissal under section 74.351(b) will necessarily be determined by its
disposition of these objections that appellants raised to the petition’s allegations.
          In their rehearing motion, appellants for the first time ask this Court to
adjudicate the issue of whether, in their third amended petition, the Poland parties had
improperly recast health-care-liability claims as other causes of action. Appellants 
acknowledge in their motion for rehearing that the trial court “never had a reason to
reach the issue of whether the [third amended petition’s] claims were ‘health care
liability claims,’” given the trial court’s having “determined the report was legally
sufficient” and timely. We decline to do so. In their rehearing motion, appellants
devote 13 pages to briefing whether the third amended petition’s additional claims
were actually improperly recast health-care-liability claims, whether we may reach
that determination for the first time on appeal because it involves a question of law,
whether rendition is thus appropriate on appeal, whether the interests of judicial
economy support our reaching the issue, and, alternatively, whether we can and
should abate the appeal for the trial court to rule on the issue. Appellants devoted a
similar amount of briefing (10 pages of a 13-page motion) in the trial court to the
issue of whether the third amended petition’s additional claims were actually
improperly recast health-care-liability claims that should also be dismissed. 
          Nonetheless, in their opening and reply briefs, appellants failed to brief the
issues that they now raise on rehearing.


 These were not matters that could have been
known only after our opinion issued: rather, because appellants briefed the issues
thoroughly below, they could have addressed those matters on original submission. 
We normally do not address matters raised for the first time in a party’s rehearing
motion when those same matters could have been raised in a party’s opening briefs,
but were not. See Malcomson Rd. Util. Dist. v. Newsom, 171 S.W.3d 257, 279 (Tex.
App.—Houston [1st Dist.] 2005, pet. denied) (op. on reh’g) (declining to reach
challenge that was raised for first time on rehearing, when it could have been raised
in opening brief, but was not); McGuire v. Fed. Deposit Ins. Corp., 561 S.W.2d 213,
216 (Tex. Civ. App.—Houston [1st Dist.] 1977, no writ) (op. on reh’g) (holding that
party generally may not raise for first time on rehearing new matters that could have
been raised earlier); Trice Prod. Co. v. Dutton Drilling Co., 333 S.W.2d 607, 617
(Tex. Civ. App.—Houston 1960, writ ref’d n.r.e.) (op. on reh’g) (same). 
          The cause must already be remanded for the determination of attorney’s fees. 
Under the circumstances set out above, we decline to reach the matters raised in
appellants’ rehearing motion. Upon remand, the trial court will consider appellant’s
August 16, 2006 motion objecting to the third amended petition’s new claims and
seeking their dismissal and will determine which claims are health-care-liability
claims that must also be dismissed under the law adopted by today’s opinion.
 
 
 
Tim Taft
Justice

Panel consists of Justices Taft, Keyes, and Alcala.

Appellants moved for rehearing to the panel. See Tex. R. App. P. 49.1. Appellees
moved for rehearing to the panel and for en banc reconsideration to the Court. See
Tex. R. App. P. 49.1, 49.7. 

The panel denied appellees’ motion for rehearing addressed to it, leaving pending
appellants’ motion for rehearing and appellees’ motion for en banc reconsideration
and extending the Court’s plenary power over the case. See Tex. R. App. P. 19.1,
49.3.

The Court granted appellants’ motion for rehearing and withdrew its opinion and
judgment issued February 14, 2008, thus rendering moot appellees’ motion for en
banc reconsideration. See Brookshire Bros., Inc. v. Smith, 176 S.W.3d 30, 41 n.4
(Tex. App.—Houston [1st Dist.] 2004, pet. denied) (op. on reh’g).

After the Court withdrew its February 14, 2008 opinion and judgment, during the
pendency of the Court’s plenary power over the case, and before another opinion and
judgment had issued in the case, en banc consideration was requested from within the
Court. See Tex. R. App. P. 41.2(c).

Chief Justice Radack and Justices Taft, Jennings, Keyes, Alcala, Hanks, Higley, and
Bland participated in the vote to determine en banc consideration. 

A majority of the Justices of the Court voted to deny en banc consideration. See id.
Justice Taft, concurring in the denial of en banc consideration. See Tex. R. App. P.
47.5.

Justice Jennings, joined by Justice Bland, dissenting from the denial of en banc
consideration. See id.